COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

BETTY AMBURN

v.   Record No. 2861-96-3                  MEMORANDUM OPINION[*]
                                               PER CURIAM
GREENVALE SCHOOL                            APRIL 29, 1997
AND
COMMERCIAL UNION INSURANCE COMPANY

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Carr L. Kinder, Jr.; Kinder & Fogel, on
                brief), for appellant.

                (Scott C. Ford; Midkiff & Hiner, on brief),
                for appellees.


        Betty Amburn (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove that her bilateral knee symptoms were causally

related to a February 14, 1994 work-related accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained her burden of proving a causal connection between her

current knee problems and her work-related accident, the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

commission's findings are binding and conclusive upon us.  Tomko
v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833,
835 (1970).

In denying claimant's application, the commission found as
follows:

> [T]here is no medical opinion linking the
> claimant's current knee problems with the
> work accident on February 14, 1994.  Family
> physician Dr. Todd Palmerton reported after
> his first examination on January 25, 1995
> that [claimant's] knee pain was probably
> secondary to degenerative changes.  [Dr.
> Palmerton's] Attending Physician's Report
> prepared after that examination noted a
> diagnosis of arthritic changes with possible
> cartilage related pain, but he did not link
> the condition to the work accident described
> on the form report.  Instead, he indicated
> that whether or not there was such a
> relationship was "unknown."  He also noted on
> a follow-up examination on March 23, 1995
> that the claimant's problem "sounds like it
> is probably more of an arthritic problem than
> any acute injury at this point."
> Orthopedic surgeon Dr. Richard R.
> Eckert, to whom the claimant was referred by
> Dr. Palmerton, did not specifically address
> the issue of causation . . . .  However, he
> also noted [on March 5, 1996] she "was quite
> comfortable for about a year with no problems
> and then her chiropractor recommended walking
> for her back and when she resumed walking she
> complains of pain in the anterior aspect of
> both knees."

The commission's findings are supported by the medical
records of Drs. Palmerton and Eckert.  Those medical records
support the commission's inference that claimant's knee problems
probably resulted from the cumulative effect of walking therapy
that was prescribed for claimant's unrelated back condition.

2

"Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Moreover, based upon Dr. Gregory L. Walter's medical records, which did not reflect any complaints of knee pain by claimant after March 18, 1994, and upon the lack of medical treatment for knee symptoms between March 18, 1994 and January 25, 1995, the commission was entitled to reject claimant's testimony that her knees were never pain-free after the February 14, 1994 accident.

Based upon the lack of medical evidence establishing a causal connection between claimant's current knee symptoms and the February 14, 1994 work-related accident, we cannot find as a matter of law that claimant's evidence sustained her burden of proof. Accordingly, we affirm the commission's decision.

Affirmed.